**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000088**
**06-MAR-2026**
**11:03 AM**
**Dkt. 51 SO**

NO. CAAP-24-0000088

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NEWTOWN ESTATES COMMUNITY ASSOCIATION, by and through its
Board of Directors, Plaintiff-Appellee,
v.
WALK THE GOOD LIFE, LLC, Defendant-Appellant,
and DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0001436)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Walk the **Good Life**, LLC appeals from the *Judgment* for Newtown Estates Community **Association** entered by the Circuit Court of the First Circuit on February 27, 2024.[1]  We affirm.

The Association sued Good Life on November 14, 2022. The complaint alleged that Good Life owned property in the Newtown Estates planned community and was violating the Association's *Master Declaration of Covenants, Conditions and Restrictions*.

A process server attempted to serve the complaint on Good Life at 98-866 Kaʻahele Street, the address of Good Life's Newtown Estates property, without success.

Good Life's registered agent was Trina M.T. **Chun**.  On July 26, 2022, the Hawaiʻi Department of Commerce and Consumer

---

[1]    The Honorable Dean E. Ochiai presided.

Affairs (**DCCA**) showed Chun's address to be 1079 Noio Street. Good Life was advised that Chun's Hawaiʻi drivers license also showed 1079 Noio Street #A as her address. A process server attempted to serve the complaint on Good Life at 1079 Noio Street #A, without success.

Good Life was advised that Chun owned property at 2525 Date Street, Apt. 606. A process server attempted to serve the complaint on Good Life at that address, without success.

Good Life was advised that Chun's grandmother resided at 4300 Waiʻalae Avenue PH B2. A process server attempted to serve the complaint on Good Life at that address, without success.

On January 9, 2023, the Association moved to serve Good Life by certified mail to the four addresses it had for Chun, marked "Restricted Delivery" with return receipt requested, under Hawaii Revised Statutes (**HRS**) §§ 634-23,[2] -24[3]. The Circuit Court granted the motion.

---

[2]    HRS § 634-23 (2016) provides, in relevant part:

Where an action or proceeding involves or concerns any property . . . within the jurisdiction of a circuit court:

. . . .

(2)    If a defendant is unknown or does not reside within the State or if, after due diligence, the defendant cannot be served with process within the State, and the facts shall appear by affidavit to the satisfaction of the court, it may order that service be made as provided by section 634-24 or by publication, as may be appropriate; provided that service by publication shall not be valid unless it is shown to the satisfaction of the court that service cannot be made as provided by section 634-24.

[3]    HRS § 634-24 (2016) provides, in relevant part:

(a)    In any case in which, under section 634-23, provision is made for service of summons as provided by this section, personal service shall be made upon the defendant wherever found or the defendant shall be served by registered or certified mail with request for a return receipt and marked deliver to addressee only, as ordered by the court.

2

The envelope addressed to 98-866 Kaʻahele Street was returned, marked "unclaimed" and "unable to forward."

The envelope addressed to 1079 Noio Street #A was returned, marked "unclaimed" and "unable to forward."

The USPS.com tracking result for the envelope addressed to 2525 Date Street, Apt. 606 shows "Notice Left (No Authorized Recipient Available)" on January 11, 2023.

The envelope addressed to 4300 Waiʻalae Avenue PH B2 was returned, marked "unclaimed" and "unable to forward."

On March 14, 2023, the Association moved to serve Good Life by publication under HRS §§ 634-23(2), -36(b)[4]. The Circuit Court granted the motion and ordered that summons be posted on 98-866 Kaʻahele Street. Summons was posted on 98-866 Kaʻahele Street on April 19, 2023, with a return date of June 13, 2023, at 9:00 a.m. Publication of summons was completed on May 19, 2023.

Good Life did not appear for the June 13, 2023 return on the summons. Good Life's default was entered on July 7, 2023.

The Association moved for default or summary judgment on July 31, 2023. A hearing was set for August 24, 2023. Chun appeared for the hearing and stated her tenant had left the property. The hearing was continued to October 3, 2023. The hearing was further continued to October 5, 2023. Counsel for Good Life appeared on October 5, 2023, and requested another continuance. The hearing was continued to October 30, 2023.

---

[4]     HRS § 634-36 (2016) provides, in relevant part:

(b)    If the defendant cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper published in the State and having a general circulation in the circuit in which the action has been instituted, in such manner and for such time as the court may order, but not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by order of the court.

Good Life filed its opposition to the Association's motion for default or summary judgment on October 15, 2023. On October 21, 2023, Good Life moved to set aside the entry of its default and the orders allowing service by mail and by publication.

On November 8, 2023, the Circuit Court entered an order denying Good Life's motion to set aside. On January 16, 2024, the court entered an order granting in part and denying in part the Association's motion for default or summary judgment. The court granted the requested injunctive relief and awarded the Association $20,000.00 in attorney fees. The Judgment was entered on February 27, 2024. This appeal followed.

Good Life states eight overlapping points of error. It challenges: (1) the denial of its motion to set aside the entry of its default; (2) the granting of the Association's motion for default or summary judgment; and (3) the award of attorney fees.

**(1)** We review a motion to set aside an entry of default for improper service of process *de novo*. Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 197, 268 P.3d 443, 450 (App. 2011).

Good Life argues its 2022 DCCA annual report, filed on September 30, 2022 (two months before the Association sued), showed Chun's address for service of process to be 1314 South King Street. The annual report contained no unit or suite number; we take judicial notice that the multi-story Interstate Building is at that address.

Good Life argues that "Section 428-110 HRS provides for service of process to be made upon the registered agent" and "anyone seeking service of process of a complaint upon a [sic] LLC must likewise comply by serving the properly registered agent *at the designated address*." (Emphasis added.) Good Life cites no Hawai'i cases to support its argument. Probably because that is not what the statute says.

4

As relevant here, the statute provides:

>        (a)    Service of any notice or process authorized by
> law that is issued against a domestic or foreign limited
> liability company by any court . . . may be made in the
> manner provided by law upon any registered agent, . . . or
> upon any member if the company is member-managed, who is
> found within the jurisdiction of the court . . . .
>
>        . . . .
>
>        (d)    Nothing contained herein shall limit or affect
> the right to serve any process . . . required or permitted
> by law to be served upon a limited liability company or
> foreign limited liability company in any other manner
> permitted by law.

HRS § 428-110 (2004).

Chun submitted a declaration to support Good Life's motion to set aside the entry of its default.  It stated that Good Life is member-managed and Chun is the sole member.  It did not state she did not live at 1079 Noio Street #A.  She did not explain why she didn't claim the certified mail the Association sent there.

On this record, we conclude that the Circuit Court did not err by granting the Association's motion to serve Good Life by certified mail and, when service by mail was unsuccessful, granting the motion to serve by publication.  Service by publication was accomplished in accordance with HRS § 634-36(b).  Entry of Good Life's default was proper.

Good Life makes no argument that the entry of its default should have been set aside for "good cause" under the standard announced in <u>Chen v. Mah</u>, 146 Hawaiʻi 157, 177, 457 P.3d 796, 816 (2020).

Other than improper service, Good Life makes no argument that the Circuit Court erred by granting in part the Association's motion for default or summary judgment, or by awarding attorney fees.

5

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

The *Judgment* entered by the Circuit Court on February 27, 2024, is affirmed.

DATED: Honolulu, Hawaiʻi, March 6, 2026.

On the briefs:

Gale L.F. Ching,
for Defendant-Appellant
Walk the Good Life, LLC.

Taylor W. Gray,
for Plaintiff-Appellee
Newtown Estates Community
Association, by and through
its Board of Directors.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge